## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SWIMC, INC.,                              )
a Delaware Corporation,                   )
                                          )
        Plaintiff                )
                                          )       Case No. 08-084 (SLR)
v.                                        )
                                          )
HY-TECH THERMAL SOLUTIONS, LLC,           )       **JURY TRIAL DEMANDED**
a corporation,                            )
                                          )
and                                       )
                                          )
HY-TECH DISTRIBUTORS, INC.,               )
a corporation,                            )
                                          )
        Defendants.               )

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION

Defendants Hy-Tech Thermal Solutions, LLC and Hy-Tech Distributors, Inc., ("Hy-Tech Defendants" or "Defendants") by their attorneys, respond to the averments made in the numbered paragraphs of the Complaint for Trademark Infringement, False Designation of Origin, and Unfair Competition ("Complaint") as follows:

### PARTIES AND JURISDICTION

1.      Upon information and belief, Defendants admit that SWIMC, Inc. is a Delaware corporation.  Defendants are otherwise without sufficient information to admit or deny the balance of this paragraph.

2.      Admitted.

3.      Admitted.

4.     Defendants admit that the Complaint purports to state a claim under the Trademark Laws of the United States, includes claims of unfair competition, between citizens of different states with an amount in controversy exceeding $75,000.000, and purportedly implicating supplemental jurisdiction.  Except as expressly admitted, Defendants deny the averments in Paragraph 4 of the Complaint.

5.     Admitted.

## FACTS

6.     Defendants are without sufficient information to admit or deny the averments of Paragraph 6.

7.     Defendants are without sufficient information to admit or deny the averments of Paragraph 7.

8.     Defendants are without sufficient information to admit or deny the averments of Paragraph 8.

9.     Defendants are without sufficient information to admit or deny the averments of Paragraph 9.

10.     Defendants are without sufficient information to admit or deny the averments of Paragraph 10.

## DEFENDANTS' BUSINESSES AND INFRINGING ACTIVITIES

11.     Admitted.

12.     Admitted.

13.     Admitted.

14.     Admitted.

2

15.    Admitted.

16.    Denied.

17.    Admitted that there is no express agreement between the parties regarding the use of "Elasto-Seal" and/or "Elastoseal" and/or ELASTO–SEAL.

18.    Admitted that the letter speaks for itself.

19.    Admitted that the letter speaks for itself.

20.    Admitted that the letter speaks for itself.

21.    Admitted that the letter speaks for itself.

22.    Denied.

## COUNT I

23.    Defendants incorporate by reference their responses to the averments contained in Paragraphs 1-22 of the Complaint.

24.    Denied.

25.    Denied.

26.    Denied.

## COUNT II

27.    Defendants incorporate by reference their responses to the averments contained in Paragraphs 1-26 of the Complaint.

28.    Denied.

29.    Denied.

## COUNT III

30.    Defendants incorporate by reference their responses to the averments contained in Paragraphs 1-29 of the Complaint.

31.    Denied.

32.    Denied.

## AFFIRMATIVE DEFENSES

As and for separate defenses to the averments contained in paragraphs 1-32 of the Complaint, Defendants aver as follows:

### FIRST AFFIRMATIVE DEFENSE

33.    Defendants have not infringed and are not infringing, any of the Plaintiff's trademarks.

### SECOND AFFIRMATIVE DEFENSE

34.    Plaintiff's Complaint should be dismissed because the subject trademark, if any, has been abandoned by the Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

35.    Plaintiff's Complaint is barred by the doctrines of laches, estoppel and/or acquiescence.

### FOURTH AFFIRMATIVE DEFENSE

36.    Defendants deny all allegations in the Plaintiff's Complaint not otherwise answered or qualified herein.

### RESERVATION OF RIGHTS

Defendants reserve the right to assert additional defenses based upon further

4

investigation and discovery.

WHEREFORE, Defendants request that this Court enter judgment dismissing the Complaint with prejudice and denying each request for relief made by Plaintiff and awarding Defendants such other and further relief as this Court may deem just and proper.

**CROSS & SIMON, LLC**

Sean T. O'Kelly (No. 4349)
913 N. Market Street, 11th Floor
P.O. Box 1380
Wilmington, Delaware 19899-1380
(302) 777-4200
(302) 777-4224 (facsimile)
sokelly@crosslaw.com
*Attorney for Defendants*

Dated: July 9, 2008

## CERTIFICATE OF SERVICE

I, Sean T. O'Kelly, hereby certify that on July 9, 2008, a true and correct copy of

the *Defendants' Answer to Plaintiff's Complaint for Trademark Infringement, False*

*Designation of Origin, and Unfair Competition* was served upon counsel in the manner

indicated:

### VIA ELECTRONIC NOTICE

Kevin J. Mangan, Esquire
Womble, Carlyle, Sandridge
& Rice, PLLC
222 Delaware Avenue, Suite 1501
Wilmington, DE  19801


Sean T. O'Kelly (No. 4349)