IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SWIMC, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 08-084-SLR |
| | ) |
| HY-TECH THERMAL SOLUTIONS, LLC | ) |
| and HY-TECH DISTRIBUTORS, INC., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 24th day of June, 2009, having considered SWIMC, Inc.'s ("plaintiff") pending motion to compel discovery pursuant to Fed. R. Civ. P. 37;

IT IS ORDERED that plaintiff's motion to compel discovery (D.I. 26) is granted for the reasons that follow:

1. **Introduction.** Plaintiff, SWIMC, Inc., filed suit against defendants, Hy-Tech Thermal Solutions, LLC and Hy-Tech Distributors, Inc. (collectively, "Hy-Tech"), for trademark infringement, false designation of origin, and unfair competition. (D.I. 1) The court has jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) for the trademark claims, under 28 U.S.C. § 1338(b) for the unfair competition claims, and under 28 U.S.C. § 1332 and 28 U.S.C. § 1367. (D.I. 1 ¶ 4) Plaintiff moves the court to compel defendants to respond to discovery and interrogatory requests served on October 23, 2008. (D.I. 26 ¶ A) Plaintiff also seeks a ruling that any objections to the

discovery requests have been waived by defendants' failure to respond. (D.I. 26 ¶ B) Plaintiff requests reasonable expenses, including attorney fees, caused by defendants' failure to respond. (D.I. 26 ¶ C)

2. **Background**. Plaintiff, a Delaware corporation, manufactures and sells elastomeric rubber roofing compound under the ELASTO-SEAL trademark. (D.I. 1 ¶ 6) Plaintiff alleges that it owns a valid trademark for ELASTO-SEAL. (D.I. 1 ¶¶ 7, 8) Defendants are both Florida corporations with their principal places of business in Melbourne, Florida. (D.I. 1 ¶¶ 2, 3) Hy-Tech Thermal Solutions manufacturers and sells an elastomeric roof coating under the name "Elasto-Seal" and/or "Elastoseal." (D.I. 1 ¶ 12) Hy-Tech Distributors is an authorized dealer of Hy-Tech Thermal Solutions' "Elasto-Seal" and/or "elastoseal" roof coating. (D.I. 1 ¶ 13) Defendants began selling and advertising the "Elasto-Seal" and/or "Elastoseal" roof coatings in or around 2003. (D.I. 1 ¶ 14)

3. On May 22, 2007, plaintiff sent a letter to Hy-Tech Thermal Solutions demanding that it stop the use of the ELASTO-SEAL mark, but defendant did not respond. (D.I. 1 ¶ 18) Plaintiff sent a second letter on July 31, 2007, reiterating its demand that defendant stop using the ELASTO-SEAL mark but, again, defendant did not respond. (D.I. 1 ¶ 19) Plaintiff sent a third letter on October 25, 2007. (D.I. 1 ¶ 20) Tony Abruzzese, Director of Operations for Hy-Tech Thermal Solutions, responded to the third letter on October 29, 2007, stating that defendant would not cease use of the ELASTO-SEAL mark. (D.I. 1 ¶ 21) Plaintiff alleges that defendants continued to sell the roof coating as of the date of the filing of the complaint (February 8, 2008). (D.I. 1 ¶ 22) Plaintiff listed three counts in its complaint. First, plaintiff alleges that Hy-Tech has

committed trademark infringement in violation of 15 U.S.C. § 1114. (D.I. 1 ¶ 25) Second, plaintiff claims that Hy-Tech's acts constitute a false representation or false designation of origin in violation of 15 U.S.C. § 1125(a). (D.I. 1 ¶ 28) Finally, plaintiff alleges that defendants have engaged in unfair and deceptive business practices in violation of the Uniform Deceptive Trade Practices Act, 6 Del. C. § 2531 *et seq.*, and that defendants have engaged in trademark infringement and unfair competition in violation of the Delaware Trademark Act, 6 Del. C. § 3301 *et seq.* (D.I. 1 ¶ 31) Plaintiff is seeking monetary damages and an injunction to prevent further use of the ELASTO-SEAL mark. (D.I. p. 6 ¶¶ 1, 2)

4. On October 23, 2008, plaintiff served on defendants, by first class mail, its first set of document requests and first set of interrogatories. (D.I. 26 ¶ 1 and ex. A) Defendants did not meet the original November 25, 2008 deadline to respond to plaintiff's discovery requests. (D.I. 26 ¶ 2) The parties continued to discuss settlement until February 23, 2009, when plaintiff informed defendants that, if the settlement proposal was not accepted by March 2, 2009, the settlement offer would be withdrawn and defendants would have only until March 9, 2009 to respond to the discovery requests. (D.I. 26 ¶ 3; D.I. 28 ex. 1) Defendants responded the next day, February 24, 2009, acknowledging that plaintiff's request was understood. (D.I. 28 ex. 2) After further settlement discussions, plaintiff reiterated that a signed settlement agreement or the discovery responses were required by March 13, 2009. (D.I. 28 ex. 3)

5. During the week of March 16, 2009, plaintiff's counsel tried (without success) to contact defendants' counsel to discuss defendants' failure to respond to the discovery requests. (D.I. 27 ¶ 3) Plaintiff contends, based on voicemail messages left

for defendants, that defendants were fully aware that plaintiff would file a motion to compel discovery if they did not respond to the discovery requests or sign a settlement agreement by the March 13 deadline. (D.I. 27 ¶ 4) Plaintiff alleges that defendants have yet to sign a settlement agreement or provide responses to the discovery requests. (D.I. 26 ¶ 4) Plaintiff certifies that it attempted in good faith to confer with defendants about their failure to respond to the requests. (D.I. 26 ¶ 7; see D.I. 27 ¶ 3)

6. Plaintiff filed this motion on March 31, 2009. (D.I. 26) Alleging that defendants' failure to respond to discovery requests constitutes sanctionable conduct under Fed. R. Civ. P. 37(d), plaintiff seeks an order compelling defendants to respond to the interrogatory and document requests. (D.I. 26 ¶ 6) Additionally, plaintiff seeks a declaration that defendants have waived their ability to object to any portion of the discovery requests, and seeks reasonable expenses caused by defendants' failure to respond to the discovery requests. (D.I. 26 ¶ 6) On June 10, 2009, plaintiff's counsel sent a letter to the court stating that defendants have not responded to plaintiff's motion and requested that the court consider the motion at this time. (D.I. 29) As defendants have neither provided answers to plaintiff's discovery requests nor responded to plaintiff's motion to compel, the court will consider the motion at this time.

7. Pursuant to a pretrial scheduling conference, the court released a scheduling order on September 24, 2008. (D.I. 22) The scheduling order listed topics on which plaintiff could seek discovery.[1] (D.I. 22 § 2(a)(i)) The court ordered that all discovery

---

[1] Plaintiff is permitted to seek discovery on the selection and adoption process, the use, sale, advertising, channels of trade, and financial records related to defendants' ELASTO-SEAL and ELASTO-CLEAR products.

4

be commenced in time to be completed prior to August 31, 2009. (D.I. 22 § 2(b)) Each party is limited to two Rule 37 motions. (D.I. 22 § 2(h))

8. **Standard of Review**. Pursuant to Rule 37 of the Federal Rules of Civil Procedure, "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). The motion must include a certification that the movant has conferred in good faith with the party failing to make discovery in an attempt to obtain discovery without court action. Fed. R. Civ. P. 37(a)(1). "Before a party may succeed on a motion to compel discovery, that party must first prove that it sought discovery in the manner required by the rules of procedure." *Camiolo v. State Farm Fire and Casualty Co.*, 334 F.3d 345, 360 (3d Cir. 2003) (quotation omitted).

9. **Discussion**. Pursuant to Rule 37(a)(3)(B)(iii) and (iv), plaintiff has requested an order compelling defendants to answer interrogatories submitted under Rule 33, and to answer document request served under Rule 34. A party may serve upon another party up to 25 written interrogatories, which may relate to any matter that may be inquired into under Rule 26(b).[2] Fed. R. Civ. P. 33(a)(1), (2). According to Rule 34, a party may serve upon the opposing party a request for any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). The document request must describe each item or category of items to be inspected with reasonable particularity, and must specify a reasonable time, place and manner for inspection of the documents. Fed. R. Civ. P. 37(b)(1)(A), (B).

---

[2] Pursuant to the September 24, 2008 scheduling order (D.I. 22 § (2)(c)), each party may submit a maximum of 50 interrogatories.

10. Plaintiff served defendants with 27 document and 17 interrogatory requests on October 23, 2008 by first class mail. (D.I. 26 ex. A) As the motion to compel is unopposed, and defendants have not objected to any portion of the discovery requests, the motion and the discovery requests themselves show that plaintiff "sought discovery in the manner required by the rules of procedure."[3] (see D.I. 26 ex. A; Camiolo, 334 F.3d at 360) The party to whom the discovery request has been made must respond within 30 days. Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). Defendants failed to meet the original November 25, 2008 to respond and, as of yet, have still not responded to the valid interrogatory and document requests. (D.I. 26 ¶ 2, 6)

11. In order to prevail on a motion to compel, the motion must include a certification that the movant has conferred in good faith with the opposing party in an attempt to resolve the discovery failure without court action.[4] Fed. R. Civ. P. 37(a)(1). Plaintiff's motion certifies that plaintiff complied with this requirement. (D.I. 26 ¶ 7) Plaintiff certifies that the instant motion was filed on March 31, 2009, only after multiple unsuccessful attempts to confer with defendants' counsel to resolve the discovery

---

[3] Plaintiff's document and interrogatory requests also appear to be valid pursuant to the scheduling order (D.I. 22 § 2(a)(i)), which listed the topics on which plaintiff could seek discovery.

[4] Local court rules also require an averment by counsel that reasonable efforts have been made to reach an agreement with the opposing party. D. Del. LR 7.1.1.

failure.[5] (*See* D.I. 26 ¶ 5; D.I. 28)  Plaintiff's motion to compel defendants to respond to plaintiff's interrogatory and document requests is granted.

12. **Waiver of possible objections to discovery requests.**  Any objection to an interrogatory request not stated in a timely fashion (within 30 days of the discovery request) is waived, unless the court, for good cause, excuses the failure.  Fed. R. Civ. P. 33(b)(2), (4).  Objections to document requests under Rule 34 must be similarly stated within 30 days to avoid waiver.  Plaintiff asks for a ruling that defendants have waived, through failure to respond in a timely manner, any possible objections to plaintiff's first set of interrogatory and document requests.  Because defendants failed to respond to plaintiff's discovery requests before the original November 25, 2008 deadline, failed to object in the more than five proceeding months, and have not yet provided any grounds to excuse the failure, defendants have waived all objections to plaintiff's first set of document and interrogatory requests.

13. **Reasonable expenses.**  Under Fed. R. Civ. P. 37(a)(5), if a motion to compel discovery is granted, the court **must**, after giving an opportunity to be heard, require the party that failed to make discovery to pay the movant's reasonable expenses incurred in making the motion.  The court can excuse the party failing to

---

[5] Plaintiff's counsel sent an e-mail to defendants' counsel on February 23, 2009, stating that defendants needed to either respond to the discovery requests or sign a settlement agreement by March 3, 2009. (D.I. 28 ex. 1; D.I. 26 ¶3)  Defendant's counsel responded to this attempt to correct the discovery failure by replying, "I understand.  I will inform my client accordingly." (D.I. 28 ex. 2; D.I. 26 ¶ 3)  On March 6, plaintiff reiterated in another e-mail its request for defendants to respond to the discovery requests or to sign a settlement agreement by March 13.  Finally, plaintiff unsuccessfully attempted to contact defendants during the week of March 16, 2009. (D.I. 27 ¶ 3)

make discovery from paying reasonable expenses only if the failure to respond was "substantially justified," or if other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(a)(ii), (iii). Because defendants have not responded to the motion, and have not shown that the failure to respond was "substantially justified" or that payment would be unjust, defendants are required to pay plaintiff's reasonable expenses, including attorney fees, incurred in making the motion.

14. On or before **July 31, 2009,** plaintiff shall file an affidavit in support of its reasonable expenses.

_____
United States District Judge